1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          SOUTHERN DISTRICT OF CALIFORNIA

10

11   JOSE LUIS MENDOZA-CARDENAS,       )        Civil No. 11-cv-2994-JAH
                                       )        Crim. No. 11-cr-3499-JAH
12                   Petitioner,       )
     v.                                )        **ORDER DENYING MOTION TO**
13                                     )        **VACATE, SET ASIDE, OR**
     UNITED STATES OF AMERICA,         )        **CORRECT SENTENCE**
14                                     )
                     Respondent.       )
15   _____  )

16          On December 21, 2011, Petitioner filed a motion to vacate, set aside, or correct his

17   sentence pursuant to 28 U.S.C. § 2255.  (Dkt. No. 26.)  Petitioner pled guilty to

18   importation of methamphetamine in violation of 21 U.S.C. §§ 952, 960 and was

19   sentenced to fifty months imprisonment.  (Dkt. Nos. 18, 24.)  In his § 2255 motion,

20   Petitioner asserts that a policy making certain rehabilitative programs available only to

21   United States citizens violates the equal protection and due process clauses of the Fifth

22   and Fourteenth Amendments because Petitioner is denied the opportunity to reduce his

23   sentence through participation in those programs.  Petitioner, however, waived his right

24   to appeal or collaterally attack his judgment and sentence.  (Dkt. Nos. 18, 24.)

25          A knowing and voluntary waiver of a statutory right is enforceable.  United States

26   v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990).  The right to collaterally attack

27   a sentence pursuant to 28 U.S.C. § 2255 is statutory in nature, and a defendant may

28   therefore waive the right to file a § 2255 motion.  See, e.g., United States v. Abarca, 985

1  F.2d 1012, 1014 (9th Cir. 1993) (holding that, by entering plea agreement whereby

2  defendant waived right to appeal his sentence, defendant relinquished right to directly or

3  collaterally attack his sentence on the ground of newly discovered exculpatory evidence).

4          The scope of a § 2255 waiver may be subject to potential limitations.  For example,

5  a defendant's waiver will not bar an appeal if the trial court did not satisfy certain

6  requirements under Federal Rule of Criminal Procedure 11 to ensure the waiver was made

7  knowingly and voluntarily.  Navarro-Botello, 912 F.2d at 321.  Such a waiver might also

8  be ineffective where the sentence imposed is not in accordance with the negotiated

9  agreement or violates the law.  Id.; United States v. Littlefield, 105 F.3d 527, 528 (9th

10 Cir. 1996).  Additionally, a waiver may be "unenforceable" and may not "categorically

11 foreclose" a defendant from bringing § 2255 proceedings where a petitioner claims

12 ineffective assistance of counsel with regard to whether such a waiver was made knowingly

13 and voluntarily.  Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005); Abarca,

14 985 F.2d at 1014; see also United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1992).

15         Petitioner does not assert this Court failed to satisfy the requirements under Federal

16 Rule of Criminal Procedure 11 to ensure Petitioner knowingly and voluntarily waived his

17 right to directly or collaterally attack his conviction and sentence.  Petitioner does not

18 claim his sentence was not in accordance with the negotiated plea agreement or that his

19 sentence violates the law.  Petitioner does not claim ineffective assistance of counsel with

20 regard to the knowing and voluntary nature of his waiver.  Indeed, Petitioner does not

21 assert that his waiver was not knowing or voluntary.  Because the instant § 2255 motion

22 is a collateral attack on Petitioner's sentence, it falls within the parameters of Petitioner's

23 waiver and must be denied. Accordingly, **IT IS HEREBY ORDERED** Petitioner's motion

24 is **DENIED**.

25 Dated:  April 12, 2012

26                                                    JOHN A. HOUSTON
                                                     United States District Judge

27

28